**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**GAINESVILLE DIVISION**

|  |  |
|---|---|
| BROADCAST MUSIC, INC., as agent for Broadcast Music, LLC; EVIL EYE MUSIC, INC.; SONY/ATV SONGS LLC D/B/A SONY/ATV TREE PUBLISHING; PAINTED DESERT MUSIC CORPORATION,<br><br>        Plaintiffs,<br><br>        v.<br><br>RIVERWALK SHOPS LLC d/b/a TOONEYS MUSIC VENUE; MICHAEL GALINSKI; and PETER GALINSKI, each individually,<br><br>        Defendants. | CIVIL ACTION NO. _____<br><br>**COMPLAINT** |

Plaintiffs, for their Complaint against Defendants, allege as follows (on knowledge as to Plaintiffs; otherwise on information and belief):

**JURISDICTION AND VENUE**

1.      This is a suit for copyright infringement under the United States Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 et seq. (the "Copyright Act"). This Court has jurisdiction pursuant to 28 U.S.C. § 1338(a).

2.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1400(a).

66739975 v1

## THE PARTIES

3.      Plaintiff Broadcast Music, Inc. ("BMI"), is a corporation organized and existing under the laws of the State of Delaware.  BMI's principal place of business is 7 World Trade Center, 250 Greenwich Street, New York, New York 10007.  BMI, as agent for Broadcast Music, LLC, has been granted the right to license the public performance rights in 22.4 million copyrighted musical compositions (the "BMI Repertoire"), including those which are alleged herein to have been infringed.

4.      The Plaintiffs other than BMI are the owners of the copyrights in the musical compositions, which are the subject of this lawsuit.  All Plaintiffs are joined pursuant to Rules 17(a) and 19(a) of the Federal Rules of Civil Procedure.

5.      Plaintiff Evil Eye Music, Inc. is a corporation.  This Plaintiff is a copyright owner of at least one of the songs in this matter.

6.      Plaintiff Sony/ATV Songs LLC is a limited liability company d/b/a Sony/ATV Tree Publishing.  This Plaintiff is a copyright owner of at least one of the songs in this matter.

7.      Plaintiff Painted Desert Music Corporation is a corporation.  This Plaintiff is a copyright owner of at least one of the songs in this matter.

8.      Defendant Riverwalk Shops, LLC is a limited liability company organized and existing under the laws of the state of Georgia, which operates, maintains, and controls an establishment known as Tooneys Music Venue, located

at 100 Blue Ridge Dr., McCaysville, Fannin County, Georgia 30555, in this district (the "Establishment").

9.      In connection with the operation of the Establishment, Defendant Riverwalk Shops, LLC publicly performs musical compositions and/or causes musical compositions to be publicly performed.

10.     Defendant Riverwalk Shops, LLC has a direct financial interest in the Establishment.

11.     Defendant Michael Galinski is a member of Defendant Riverwalk Shops, LLC with responsibility for the operation and management of that limited liability company and the Establishment.

12.     Defendant Michael Galinski has the right and ability to supervise the activities of Defendant Riverwalk Shops, LLC and a direct financial interest in that limited liability company and the Establishment.

13.     Defendant Peter Galinski is a member of Defendant Riverwalk Shops, LLC with responsibility for the operation and management of that limited liability company and the Establishment.

14.     Defendant Peter Galinski has the right and ability to supervise the activities of Defendant Riverwalk Shops, LLC and a direct financial interest in that limited liability company and the Establishment.

66739975 v1                                                    3

## CLAIMS OF COPYRIGHT INFRINGEMENT

15.    Plaintiffs repeat and reallege each of the allegations contained in paragraphs 1 through 14.

16.    Since October 2021, BMI has reached out to Defendants over one hundred ten (110) times, by phone, mail, and email, in an effort to educate Defendants as to their obligations under the Copyright Act with respect to the necessity of purchasing a license for the public performance of musical compositions in the BMI Repertoire.  Included in the letters were Cease and Desist Notices, providing Defendants with formal notice that they must immediately cease all use of BMI-licensed music in the Establishment.

17.    Plaintiffs allege three (3) claims of willful copyright infringement, based upon Defendants' unauthorized public performance of musical compositions from the BMI Repertoire.  All of the claims for copyright infringement joined in this Complaint are governed by the same legal rules and involve similar facts.  Joinder of these claims will promote the convenient administration of justice and will avoid a multiplicity of separate, similar actions against Defendants.

18.    Attached to this Complaint as **Exhibit 1** and incorporated herein by reference is a schedule (the "Schedule") identifying some of the many musical compositions whose copyrights were infringed by Defendants.  The Schedule contains information on the three (3) claims of copyright infringement at issue in

66739975 v1                                          4

this action.  Each numbered claim has the following eight lines of information (all references to "Lines" are lines on the Schedule): Line 1 providing the claim number; Line 2 listing the title of the musical composition related to that claim; Line 3 identifying the writer(s) of the musical composition; Line 4 identifying the publisher(s) of the musical composition and the plaintiff(s) in this action pursuing the claim at issue; Line 5 providing the date on which the copyright registration was issued for the musical composition; Line 6 indicating the copyright registration number(s) for the musical composition; Line 7 showing the date(s) of infringement; and Line 8 identifying the Establishment where the infringement occurred.

19.    For each work identified on the Schedule, the person(s) named on Line 3 was the creator of that musical composition.

20.    For each work identified on the Schedule, on or about the date(s) indicated on Line 5, the publisher(s) named on Line 4 (including any predecessors in interest), complied in all respects with the requirements of the Copyright Act and received from the Register of Copyrights Certificates of Registration bearing the number(s) listed on Line 6.

21.    For each work identified on the Schedule, on the date(s) listed on Line 7, Plaintiff BMI was (and still is) the licensor of the public performance rights in the musical composition identified on Line 2.  For each work identified on the Schedule,

on the date(s) listed on Line 7, the Plaintiff(s) listed on Line 4 was (and still is) the owner of the copyright in the respective musical composition listed on Line 2.

22.    For each work identified on the Schedule, on the date(s) listed on Line 7, Defendants publicly performed and/or caused to be publicly performed at the Establishment the musical composition identified on Line 2 without a license or permission to do so.  Thus, Defendants have committed copyright infringement.

23.    The specific acts of copyright infringement alleged in the Complaint, as well as Defendants' entire course of conduct, have caused and are causing Plaintiffs great and incalculable damage.  By continuing to provide unauthorized public performances of works in the BMI Repertoire at the Establishment, Defendants threaten to continue committing copyright infringement.  Unless this Court restrains Defendants from committing further acts of copyright infringement, Plaintiffs will suffer irreparable injury for which they have no adequate remedy at law.

WHEREFORE, Plaintiffs pray that:

(I)    Defendants, their agents, servants, employees, and all persons acting under their permission and authority, be enjoined and restrained from infringing, in any manner, the copyrighted musical compositions licensed by BMI, pursuant to 17 U.S.C. § 502;

66739975 v1

6

(II)   Defendants be ordered to pay statutory damages, pursuant to 17 U.S.C.

§ 504(c);

(III)   Defendants be ordered to pay costs, including a reasonable attorney's

fee, pursuant to 17 U.S.C. § 505; and

(IV)   Plaintiffs have such other and further relief as is just and equitable.

Respectfully submitted, this 2nd day of April, 2026.

/s/ Joseph H. Stuhrenberg
Joseph H. Stuhrenberg
Georgia Bar No. 398537
jstuhrenberg@burr.com

*Attorney for Plaintiffs*

**BURR & FORMAN LLP**
1075 Peachtree Street NE
Suite 3000
Atlanta, Georgia 30309
Telephone: (404) 815-3000
Facsimile: (404) 817-3244

66739975 v1